UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Johnny Lee Jones, III, | Case No.: 2:26-cv-00369-CDS-DJA |
| Petitioner | **Order Dismissing without Prejudice § 2254 Habeas Corpus Petition** |
| v. | |
| Jeremy Bean, | [ECF No. 1, 1-1] |
| Respondents | |

Petitioner Johnny Lee Jones, III, who is in the custody of the Nevada Department of Corrections ("NDOC"), submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 as well as an application to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 1-1. I find good cause to grant Jones's IFP application. After initial review under the Rules Governing 2254 Cases, I dismiss the petition without prejudice.

Federal law provides two main avenues to seek relief for legal challenges to incarceration: (1) a petition for writ habeas corpus, 28 U.S.C. § 2241, 2254, 2255; and (2) a civil rights complaint, 28 U.S.C. § 1983. If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016). Such claims must be brought, if at all, under § 1983. If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, he must file a civil rights complaint. *Id.* at 933 ("[P]risoners may not challenge mere conditions of confinement in habeas corpus.") (citing *Crawford v. Bell*, 599 F.2d 890, 891–92 (9th Cir. 1979)).

Here, the petition fails to state a cognizable habeas claim. Jones asserts that his First Amendment rights were violated during a parole board hearing. ECF No. 1-1 at 6. He asserts that a parole board official stopped the parole board proceeding, asked if Jones took medication, and continued the hearing. *Id.* at 6–7. If he were to succeed on this claim, it would only mean that his conditions of confinement would change. He would not be released from custody any sooner. Because success on Jones's claims would not lead to his immediate or speedier release, they do not fall in the "core" of habeas and must be brought, if at all, in a civil rights complaint.

In addition, I decline to recharacterize Jones's petition as a civil rights complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead civil rights claims. *Nettles*, 830 F.3d at 935–36.  However, habeas actions and prisoner civil rights cases "differ in a variety of respects—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id.* In this case, the petition is not amenable to conversion on its face based on the differences between habeas and civil rights cases and because it is not clear whether recharacterization would disadvantage Jones. I therefore dismiss the petition without prejudice and instruct the Clerk of the Court to send Jones the approved form and instructions for filing a 42 U.S.C. § 1983 complaint.

In addition, the Antiterrorism and Effective Death Penalty Act (AEDPA) "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Generally, matters relating to state sentencing are not cognizable on federal habeas review. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) (state court's misapplication of state sentencing laws does not violate due process thereby justifying federal habeas relief unless

petitioner can show "fundamental unfairness"); *Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (question of whether a prior conviction qualifies for sentence enhancement under California law is not cognizable federal habeas claim).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (federal courts may not reexamine state court decisions on state law issues). The petition alleges that Jones has earned statutory "good time" credits as provided under NRS 209.4465 and *Williams v. State Department of Corrections*, 402 P.3d 1260 (Nev. 2017). ECF No. 1-1 at 7. However, his good time credits have not been applied/deducted from his minimum term of imprisonment. *Id.*

I THEREFORE ORDER that petitioner Johnny Lee Jones's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 **[ECF No. 1-1] is dismissed without prejudice**.

I FURTHER ORDER that the IFP application **[ECF No. 1] is granted**.

I FURTHER ORDER that Jones is denied a certificate of appealability, as jurists of reason would not find the dismissal of this action to be debatable or wrong.

I FURTHER ORDER that the Clerk of the Court send to Jones the approved form and instructions for filing a 42 U.S.C. § 1983 complaint.

The Clerk of the Court is kindly instructed to enter final judgment and close this case.

Dated: April 3, 2026

_____
Cristina D. Silva
United States District Judge

3